VICTORIO ARROYO, Petitioner and Appellant, v. MUNICIPAL COURT OF ARECIBO, Respondent and Appellee.

No. 5490. Argued March 20, 1931.—Decided March 27, 1931.

Luis Mercader for appellant. José R. Aponte for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Victorio Arroyo brought an action of debt in the Municipal

Court of Arecibo and, to secure the effectiveness of the judgment that might be rendered, he attached fifty bags of rice. The American Colonial Bank intervened in the action and claimed as its own the attached rice, which upon the giving of a bond signed by Antonio Márquez and Amelio Cortés was delivered to the claimant. Both the action of debt and the intervention proceeding were decided in favor of Arroyo. The judgment in intervention adjudged the intervener and its sureties to pay *in solido* to Arroyo the amount sued for, with interest and costs.

Notice of the judgment in intervention was given to the intervener and to the surety, Cortés. The former took an appeal to the District Court of Arecibo. The said surety did nothing. In this situation, Arroyo moved the municipal court to order the execution of that judgment as against the surety, Cortés, and such motion having been denied, the moving party instituted this mandamus proceeding in the district court.

Upon the filing of the application for the writ, the court entered an order directing the respondent to appear and show cause, if any, why the writ applied for should not issue.

On the return day both parties appeared. The municipal court asked for a dismissal of the petition. Both sides had an opportunity to fully argue their case, and the district court, after stating the ground of its decision in a careful opinion, finally held that the writ sought did not lie. Thereupon Arroyo appealed, and he has assigned in his brief seven errors, directed in the main against the reasoning of the judge as set forth in the said opinion. We think that, under any aspect of the case, the judgment appealed from must be affirmed.

In the first place, account being taken of the attendant circumstances, that is, a truly debatable question of law having arisen by reason of the pendency of the appeal taken by the intervener from the judgment whose execution was sought, a writ of mandamus is not the proper remedy, as it would have

been in the case of a refusal to issue a writ of execution of a judgment that is clearly final (*firme*).

In the second place, going into the merits we entirely agree with the trial judge that in view of the appeal taken by the intervener—the real party to the suit—the judgment can not be executed as against the surety. The latter stands in the same position as the person for whom he answers.

The fact that a solidary surety is involved makes no difference. If, after a trial *de novo* in the district court, that court should be convinced that the intervener and not Arroyo is right and reversed the judgment, the principal's obligation thereby becoming extinguished, would the surety's obligation remain in force? In cases of this sort, the entirety of the decision, which is one of the characteristics of judgments, is absolute. Sureties are not made parties to the suit. They answer for the solvency of the principal in so far as the fulfillment of the obligation contracted by the latter is concerned. It is the principal who acts, and attacks or defends himself. If he wins, there is nothing for the surety to do; if he loses, the surety is liable, and the obligation may therefore be enforced against him without the necessity of resorting first to the principal debtor, where the bond is, as in the instant case, a solidary one. But where the debtor is defeated at the first trial (*primera instancia*) and continues to litigate on appeal according to law, although the surety should do nothing directly, he can not be required to perform his obligation while such an appeal is pending, and this, notwithstanding the fact that the judgment has also been rendered against him in accordance with the law. The judgment imposing such liability ceased to be executory by virtue of the appeal taken by the real party to the suit. This is obvious.

The judgment appealed from must be affirmed.